By the Court.

It appears to us that it may be taken, that the ejectment took place between the time of the ouster laid, and the time of the commencement of the action. If so, the declaration is sufficiently certain to enable the plaintiff to recover, for it is not necessary that it should be stated that the ejectment was made on any particular day, Merrett vs. Smith, Cro. Fa. 311. It is true, in that case the year in which the ejectment was made is set forth; but it is said, without particular reference to that circumstance, that the ejectment being made between the making of the lease and the commencement of the action, is good enough, although there be not any day certain alledged. To examine this case by that rule. The demise is laid on the first day of February 1801, and a possession under it is not stated until afterwards, to wit, on the first day of January last aforesaid, the ejectment took place. *434 Upon the authority of the case of Adams vs. Gouse, Cro. Ja. 96. Buller 106, the words “to wit, on the first day of January last aforesaid,” being impossible and repugnant, should be rejected; if so, it will appear clear enough that the ejectment happened after the lease was made, and also after there was a possession under it. The declaration then states, that "the said John Doe being so ejected, &c. the said R. R. hath hitherto withheld from him, and still doth withhold from him, the possession thereof. At what time is it supposed she declaration speaks this language? At the moment it has become an instrument in the hands of the law to have justice done to the plaintiff. If so, it must be understood to speak of an injury, which has already been committed, and not of one which after that time might be committed. If, therefore, an action of ejectment was not the creature of the court, open to every equitable regulation for expediting the true justice of the case (contrary to what is expressed in the case of Lee vs. Ellis, 2 Black. Rep 940) and was it altogether unconnected with fiction, we should understand the declaration as stating a fact which had happened after the lease made, and before the action brought; and think the allegation of the trespass and ejectment sufficient—We are, therefore, of opinion that the plaintiff is entitled to judgment.